IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JILL TRAXLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-1450-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MULTNOMAH COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Daniel Snyder
Matthew C. Lackey
1000 S. W. Broadway, Suite 2400
Portland, Oregon 97205

    Attorneys for Plaintiff

Agnes Sowle
Jenny M. Morf
Assistant County Attorneys
501 S. E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Jill Traxler prevailed at trial on her Family and Medical Leave Act ("FMLA") interference claim, 29 U.S.C. § 2615(a)(1). Before the court are Traxler's Bill of Costs (#119) and Motion for Attorney's Fees, Expert Witness Fees, and Litigation Costs (#121).

## DISCUSSION

The FMLA provides for an award of a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

I.  Costs

The legislative history of the FMLA indicates that costs are to be interpreted in the same manner as under the Fair Labor Standards Act ("FLSA"). Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 968-69 (10th Cir. 2002). The FLSA, and consequently the FMLA, interpret costs to include reasonable out-of-pocket expenses which can include costs beyond those normally allowed under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Id. at 969.

Traxler seeks costs, under this expanded interpretation, in the amount of $7,900.61. The County objects to many of the costs and particularly objects to any costs beyond those allowed under the general prevailing party costs statute, 28 U.S.C. § 1920. Although I am unaware of any Ninth Circuit case discussing the appropriate award of costs under the FMLA, I will follow the law as stated in Smith by the Tenth Circuit.

That being said, Traxler has not supported her request for costs adequately. In her list of "Other Itemized Litigation Costs," Snyder Decl. Ex. F, Traxler seeks costs for such expenses as "Open online," Intellitrack Services, a physician, and GSK Consulting. There is no explanation

for what these expenses were or why they were needed. I am unable to determine if the expenses are reasonable or not. From this exhibit, I will award the costs for postage and FAX of $99.25.

I allow service fees for Nykerk, Giusto, Nutting, and the County for a total of $160.

I allow all deposition fees except for Bruce McCain, who did not appear at trial and whose deposition was not referenced by Traxler to oppose the County's motion for summary judgment. The deposition fees awarded are $2,993.42.

Of the copy costs, I only award $250, which is documented by the invoice for copy charges from the County. The remainder of the sought copy costs are only supported by a printout from the copy machine which states that 3,040 copies were made. It is not possible for me to determine if the copies were reasonably necessary.

I also award $350 for fees of the clerk, $82.56 for printing, and $393.51 for witness fees.

The total costs awarded, exclusive of expert witness fees, are $4,328.74.

Traxler also seeks expert witness fees for her expert economist of $6,152.12. The County objects that the fee should be reduced to $4,933.37 because of the charges during trial for duplicative work. I am unpersuaded that there was duplicative work and acknowledge that expert testimony of this nature might have to be adjusted during trial. Thus, I deny the County's objections and award expert witness fees of $6,152.12

II.     <u>Attorney Fees</u>

Traxler requests $128,892.50 in attorney fees. The County argues that the fees should not exceed $80,047.35. The County does not object to the hourly rate and does not argue that plaintiff's counsel performed unnecessary work. Instead, the County notes that seven of Traxler's claims were dismissed on the motion for summary judgment with only the FMLA and

Page 3 - OPINION AND ORDER

OFLA claims proceeding to trial. Thus, the County asks that the fees incurred prior to the summary judgment ruling on January 30, 2008 be reduced by 78% to reflect that 78% of Traxler's legal claims were dismissed at that point.

In addressing a petition for attorney fees, the court must first determine the lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). Because the County does not quarrel with the lodestar amount, I will not discuss the law or analysis in depth.

To exclude the hours spent litigating unsuccessful claims, a court can identify specific hours to eliminate or simply reduce the award to account for the limited success. Mathematical formulas or percentages may be used. Schwarz v. Secretary of Health & Human Services, 73 F.3d 895, 904-05 (9th Cir. 1995).

> To determine fees in cases of partial success, . . ., [a] court must consider (1) whether the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded, and (2) whether the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.
>
> The first step requires the district court to determine whether the successful and unsuccessful claims were unrelated. [C]laims are *unrelated* if the successful and unsuccessful claims are distinctly different *both* legally *and* factually; claims are related, however, if they involve a common core of facts *or* are based on related legal theories. At bottom, the focus is on whether the unsuccessful and successful claims arose out of the same course of conduct. If they did not, the hours expended on the unsuccessful claims should not be included in the fee award.
>
> If, however, the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. When a plaintiff has

>achieved only partial or limited success, [however,] the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. Nonetheless, a plaintiff does not need to receive all the relief requested in order to show excellent results warranting the fully compensatory fee.

Dang v. Cross, 422 F.3d 800, 812-13 (9th Cir. 2005) (internal quotations and citations omitted; emphasis in the original) (award under 42 U.S.C. § 1988 in a civil rights case).

The legal basis of Traxler's unsuccessful disability discrimination, age discrimination, First Amendment, whistleblower, and Equal Protection claims are entirely different from her successful family leave claims. Thus, the time spent opposing the County's summary judgment motion, as one example, should not be awarded. The facts for all the claims are intertwined concerning the layoff and termination but are unrelated concerning the possible basis for Traxler's speech claims as well as the age and disability discrimination. There would have been some overlapping time for discovery. Thus, I will reduce the early fees but not to the extent the County argues. I conclude that a reasonable reduction for the work on the unsuccessful claims is 25%, for a total reduction of $15,655.62. This results in a reasonable fee for the excellent results obtained. I also note, however, that the claims which went to trial do not provide for emotional distress or punitive damages. Thus, I award attorney fees of $113,236.88.

III.   Prejudgment Interest

Any employer who violates the FMLA "shall be liable" for the interest on the lost back wages and benefits "calculated at the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). Accordingly, I award Traxler prejudgment interest on the $250,000 back pay award at the rate specified in 28 U.S.C. § 1961(a), calculated from June 29, 2005 through the date of the Judgment.

Page 5 - OPINION AND ORDER

## CONCLUSION

Traxler's Bill of Costs (#119) and Motion for Attorney's Fees, Expert Witness Fees, and Litigation Costs (#121) are granted as explained above. I award costs in the amount of $4,328.74, expert witness fees in the amount of $6,152.12, and attorney fees in the amount of $113,236.88.

IT IS SO ORDERED.

Dated this _____7th_____ day of July, 2008.


                                                     /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge