IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JILL TRAXLER**,                                         Case No. 06-1450-KI

        Plaintiff,

                                                      OPINION AND ORDER

vs.

**MULTNOMAH COUNTY**,

        Defendant.

       Daniel Snyder
        Carl Post
        Erin McCool
        Law Offices of Daniel Snyder
        1000 SW Broadway, Suite 2400
        Portland, Oregon  97205

                Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Agnes Sowle
County Attorney
Multnomah County, Oregon
Jenny M. Morf
Assistant County Attorney
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon  97214

>Attorneys for Defendant

KING, Judge:

In this Family and Medical Leave Act ("FMLA") case, the jury concluded that defendant Multnomah County took adverse employment actions against plaintiff Jill Traxler for her use of leave protected by the Act. On appeal, the Ninth Circuit affirmed my decision to vacate the jury's award of front pay after I concluded that front pay is an equitable remedy that must be determined by the court. The court also affirmed the amount of front pay I awarded. The Ninth Circuit reversed my denial of Traxler's request for liquidated damages, however, because I failed to explain my reasoning. My duty on remand is to reconsider an award of liquidated damages and provide an explanation for my decision.

Under the FMLA, the court is to award liquidated damages unless the employer proves that it acted in good faith and that "the employer had reasonable grounds for believing that the act or omission was not a violation" of the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii). The liquidated damages are equal to the damages awarded under § 2671(a)(1)(A)(i) and (ii), namely, the back pay plus the prejudgment interest. Id. The front pay award is not considered when calculating liquidated damages because front pay is an equitable remedy awarded under § 2617(a)(1)(B).

The County argues there was testimony that 20% of the County employees use FMLA leave each year, that managers do not consider medical leave in assessing performance, that Traxler's position in the Sheriff's Office was eliminated in good faith as part of budget cuts, that Traxler bumped into a position in Central Human Resources to work for managers who knew that she had approved medical leave when they hired her, and that Traxler admitted that she did not perform well in Central Human Resources. The jury's award, however, makes it clear that the jury did not believe all of this testimony.

This is not a case in which an employer technically violated the statute but soon set things straight, as in Hoge v. Honda of America Mfg., Inc., 384 F.3d 238 (6th Cir. 2004), in which the employer took a month to restore an employee to a job after her return from an FMLA leave. The employer made efforts to examine the positions available on the new production line in light of the model changeover and the employee's physical restrictions. The law at the time was unsettled concerning the timing of an employer's duty to restore an employee returning from FMLA leave, particularly when the Americans with Disabilities Act was also implicated. Id. at 251.

The County did not present any evidence which persuades me that it had a good faith belief that there were reasonable grounds to think its management of Traxler did not violate the FMLA, particularly in light of the jury's findings. The County does not argue that it misunderstood its duties under the Act. Thus, after additional consideration, I find that Traxler is

entitled to liquidated damages in the amount of $250,000 plus interest of 2.46% calculated from June 29, 2005 through July 1, 2008, the date of the Amended Judgment.

IT IS SO ORDERED.

Dated this ____30th_____ day of July, 2010.

                                                        /s/ Garr M. King  
                                                        Garr M. King  
                                                        United States District Judge