IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JILL TRAXLER**,                                    Civil Case No. 06-1450-KI

                    Plaintiff,

                                                     OPINION AND ORDER

        vs.

**MULTNOMAH COUNTY**,

                    Defendant.


        Daniel Snyder
        Carl Post
        Erin McCool
        Law Offices of Daniel Snyder
        1000 SW Broadway, Suite 2400
        Portland, Oregon  97205

            Attorneys for Plaintiff

Agnes Sowle, County Attorney
Multnomah County, Oregon
Jenny M. Morf
Assistant County Attorneys
501 S. E. Hawthorne Blvd., Suite 500
Portland, Oregon  97214

      Attorneys for Defendant


KING, Judge:

Before the Court are Plaintiff's Motion for Attorney Fees and Costs (#168) and Bill of
Costs (#173).  In July 2008, prior to the appeal, I awarded attorney fees of $113,236.88, expert
witness fees of $6,152.12, and costs of $4,328.74.  Plaintiff now seeks attorney fees and costs
associated with the $250,000 in liquidated damages I awarded after the appellate court remanded
the case for me to reconsider the issue.

## LEGAL STANDARDS

In addressing a petition for attorney fees, the court must first determine the lodestar
amount by multiplying the number of hours reasonably spent on the litigation by a reasonable
hourly rate.  Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other
grounds, 108 F.3d 981 (1997).  In calculating the lodestar amount, the court should consider the
factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied,
425 U.S. 951 (1976), that are subsumed in that calculation.  Id. at 364 n.9.  The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions
> involved, (3) the skill requisite to perform the legal service properly, (4) the
> preclusion of other employment by the attorney due to acceptance of the case, (5)
> the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme
Court subsequently held that enhancing a fee award on account of contingency is improper.  See

imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

The factors subsumed in the lodestar calculation, and thus to be considered in determining the number of reasonable hours and the reasonable hourly rate, are:  the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained.  Id. at 364 n.9.  Next, the court must consider the necessity of adjusting the lodestar amount based on the Kerr factors that are not subsumed within the initial lodestar calculation.  Id. at 363-64.  There is a strong presumption, however, that the lodestar amount is a reasonable fee.  Id. at 364 n.8.

## DISCUSSION

I.    Attorney Fees

Plaintiff seeks $12,550 in attorney fees incurred after remand seeking the liquidated damages award.

Multnomah County first argues that each party should bear its own attorney fees and costs incurred on remand.  The County notes the statement from the appellate opinion, "Without a doubt, Traxler could have saved the parties, the district court, and us considerable resources had she asked the district court to set out the factual and legal basis for denial of liquidated damages." Traxler v. Multnomah Cnty., 596 F.3d 1007, 1015 (9th Cir. 2010).  In addition, the Ninth Circuit

City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

ruled that each party was to bear its own costs on appeal. The County asks me to adopt the same approach because the remand was caused by plaintiff's counsel's failure to request further findings at trial.

Plaintiff argues that the Ninth Circuit did not award costs on appeal because the County won the front pay issue and plaintiff won the liquidated damages issue. Plaintiff is correct that she prevailed on the liquidated damages issue under the Family Medical Leave Act, which provides that the court "shall" allow reasonable attorney fees and other costs. 29 U.S.C. § 2617(a)(3). I will make an additional award of attorney fees and costs.

If I decide to award attorney fees, the County argues that plaintiff bases her request on an inflated lodestar figure. In total, the County asks me to reduce the attorney fees award to $5,617. The County asks me to use the $300 hourly fee for Dan Snyder which I used in the last fee award and not increase it to the $350 rate plaintiff now seeks. The County notes that plaintiff relied on the Oregon State Bar's 2007 Economic Survey and 2008 Hourly Rate Survey and did not submit any affidavits from attorneys practicing in Portland. The County also disputes that Snyder should be awarded a higher than average rate, as shown in those surveys.

Plaintiff argues that Snyder, who has 32 years of experience practicing law, should be awarded the $350 hourly rate which is within the range of rates for his experience in Portland. Plaintiff also notes that the $300 hourly rate I awarded earlier was over two years ago.

The $350 hourly rate puts Snyder at the 75th percentile for practitioners in Portland with over 30 years of experience. Snyder often appears before the court in employment law cases and has expertise in them. I also note that there has been some inflation over the last two years. I will use the $350 rate for the work after remand.

Page 4 - OPINION AND ORDER

The County also argues that Erin McCool and Carl Post, who have been members of the bar for four years, should not be awarded an hourly rate of $225, putting them in the 75th to 95th percentile for Portland attorneys with four to six years experience.

McCool and Post are on the low end of their experience bracket in the survey. I will lower their hourly rate to $190, which is just over the average for their years of experience.

The County argues that some of the hours sought for McCool and Post are duplicative, specifically both billed 0.3 hours for a conference call with the court and both billed hours for researching the liquidated damages issue (19.7 hours for McCool and 2.9 hours for Post).

Plaintiff contends that both attorneys appeared at the conference call with the court and fees should thus be awarded to both.

This was a simple conference call which did not require two attorneys. I will deduct 0.3 hours from Post's time.

Plaintiff claims that McCool and Post did not duplicate their research. Instead, McCool asked Post to conduct preliminary research while she read the transcript. McCool then based her research on Post's results.

It is not uncommon for counsel to split up a research assignment. It does not necessarily result in duplication of effort. I will make no deduction.

The County asks me not to award 10.4 hours for McCool to read the trial transcript. The County claims that McCool would have done so when she worked on the appellate brief. Further, the County claims that all relevant parts of the transcript would have been singled out by the parties on appeal.

McCool states that she was not employed by plaintiff's counsel's office during the trial and did not work on the appeal until she drafted the Petition for En Banc Hearing, which did not require her to read the trial transcript. Thus, plaintiff contends that it was necessary for McCool to read the trial transcript after remand to enable her to perform most of the work on the liquidated damages issue.

I accept McCool's statement and agree that she would need to review the trial transcript to draft the brief on liquidated damages. I will award the full amount.

The County objects to McCool's block billing for research/draft in blocks of 4.3 hours, 4.7 hours, and 7.3 hours.

Plaintiff argues that research and drafting a single memorandum are inherently interrelated tasks which cannot be easily separated. She notes that the County does not object to the total time spent on research and drafting but only objects to how the time was tracked.

The billing practice the County objects to is not excessive. I understand how an attorney could flip back and forth between reading a case and adding a short section to a brief. Since only one issue was being briefed here, and the hours are rather limited in comparison to a typical attorney fees motion for time incurred during an entire case, I will award the entire time.

After making these deduction, I award attorney fees of $10,764.

II.    Bill of Costs

Plaintiff seeks costs of $195.12, broken down as $14.55 in copying costs and $180.57 in Lexis research costs.

The County asks me to deny the request for these costs. The County notes that plaintiff did not offer any receipt or invoice to support the charges.

Page 6 - OPINION AND ORDER

Plaintiff did break up the copying charge to be 97 copies at fifteen cents per page. That is not excessive. I will award the entire amount.

The County objects to the Lexis research costs, claiming that they are not compensable under Federal Rule of Civil Procedure 54(d) or 28 U.S.C. § 1920.

The legislative history of the FMLA indicates that costs are to be interpreted in the same manner as under the Fair Labor Standards Act ("FLSA"). Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 968-69 (10th Cir. 2002). The FLSA, and consequently the FMLA, interpret costs to include reasonable out-of-pocket expenses which can include costs beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920. Id. at 969.

I will award the Lexis research costs under the expanded definition.

In total, I award the entire $195.12 in costs.

## CONCLUSION

Plaintiff's Motion for Attorney Fees and Costs (#168) is granted in part in the amount of $10,764. The Bill of Costs (#173) is granted in the amount of $195.12.

IT IS SO ORDERED.

Dated this _____22nd_____ day of September, 2010.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge


Page 7 - OPINION AND ORDER